# U.S. COURT OF APPEALS FOR THE FEDEARL CIRCUIT

Gary B. Duncan
(Appellant)

V.

Robert Wilkie
(Respondent)

RECEIVED

AUG 3 1 2020

United States Court of Appeals
For The Federal Circuit

Docket No.
2020-2099

## NOTARIZED STATEMENT

The Appellant hereby Certify, I have deposited in The Institutional Internal Mail system, on or before The last day of filing 8/21/20, My Informal Brief, on August 20th 2020, Here at The Riverbend Correctional Facility, Postage prepaid first class postage.

_Gary B. Duncan_

This 20th day of August 2020

Amanda Powers
My Commission expires
10-16-2023

Gary B. Duncan
G.D.C. 443805
Riverbend Correctional Facility
Milledgeville, GA 31061

AMANDA POWERS
BALDWIN COUNTY, GEORGIA
NOTARY PUBLIC
MY COMMISSION EXPIRES
OCTOBER 16, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the within and forgoing by depositing it in the United States Mail with adequate first-class postage affixed thereon to insure delivery, properly addressed to:

1)

John Doe Esq
111 Main Street Suite 900
Washington, DC 20001

2)

Richard Schroeder
P.O. Box 480, Ben Franklin Station
Washington DC 20044

3)

Respectfully submitted, this 20th day of August, 20 20

By: Gary B. Duncan
Pro Se
GDC# 443805
Address: Riverbend Correctional Facility
196 Laying Farm Rd
Milladgeville GA 31061

U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT

GARY B. DUNCAN             (    DOCKET NO. 20- 2099
APPELLANT               (
                              (
V.                          (
                              (
ROBERT L. WILKIE         (
RESPONDENT             (
Secertary Of Veterans Affairs   (

## BRIEF IN SUPPORT OF APPEAL

Now comes the Appellant Gary B. Duncan acting Pro Se, pursuant to 38 U.S.C. 7291(a) and makes this his Brief In Support Of Appeal. The U.S. Court Of Appeals For Veterans Claims (Court) April 21, 2020 Order indicates that the Appellant Gary B. Duncan Petition, that a writ of Mandamus be issued to compel the Secertary of Veterans Affairs to carry out the Board Of Veterans Appeals (Board) January 9, 2019 Order and the Court's August 2013 Joint Motion Remand be denied. Duncan V. Wilkie Vet. App. 20-2116 Exhibit A, also Duncan V. Shinseki 12-3508.
Significantly, it appears that the expeditious treatment of the Appellant's May 2010 waiver request pursuant to 38 U.S.C. 5302(a) will again go unconsidered. Despite the fact that the law require that all claims that are remanded by the Board or Court must be handled in an expeditious manner. 38 U.S.C. 5109B,7112, Erspamer V. Derwinski Vet. App. 3 (1990).
Further, despite the fact that the Appellant has filed three mandamuses requesting extraordinary relief in the regard to the VA's unreasonable delays responding to the Board's numerous remands over a 10 year period in this waiver appeal. Duncan V. Wilkie Vet. App. 18-4441, Duncan V. Wilkie Vet. App. 18-7027. Significantly, the Court's April 21, 2020 Order held that, "In sum, the reality is there is no hard and fast rule with respect to when delay, becomes unreasonable. After considering all the facts through the lens of TRAC, the Court concludes that petitioner has failed to demonstrate that any delay here has been so egregious, to warrant the issuance of a writ, therefore the Court will deny his Petition for a writ."
However, the Court's denial of his request for a writ fails to address or consider under the TRAC Factor, "Rule Of Reason", the statutory instruction that cases on remand by the Veteran's Court or the Board receive expedited treatment per. 38 U.S.C. 5109B, 7112. The Court does not even address or consider the

-4--

Appellant's claim that, "the delay resolving the veteran's May 2010 waiver request, advertent or intentional failure to comply with Board's January 9, 2019 Order and the Court's August 2013 Joint Motion Remand Duncan V. Shinskei Vet. App. 12-3508, could well serve to frustrate potentional or prospective appellate jurisdiction of Court". Erspamer V. Derwinski Vet. App. 3 (1990) Duncan V. Vet. App. 20-2116.

The Court fails to address the key issue and evidence submitted by the Appellant and identifies no basis for denial, other than "intentional agency misconduct is not required to justify the writ. The Appellant in his request for writ, raised claims of his constitutional rights and his statutory rights under 38 U.S.C. 5302(a) being violated. The Appellant's petition provides detailed information and documents from the record regarding alleged unconstitional violations. Thus, it is incorrect that "the Petitioner has failed to demonstrate that any delay here has been so egregious to warrant the issuance of a writ".

The Court seems to acknowledge in its assement of the Sixth TRAC Factor, The Court found, The Sixth TRAC Factor makes clear that, "intentional agency misconduct is not required to justify a writ". "The absence of such intentional misconduct plays no role in the Court's decision on this matter". The Court's finding makes it incumbent on the U.S. Court of Appeals For The Federal Circuit (CAFC) to examine the Appelant's evidence and the VA's actions, to determine, whether there is an absence of such intentional misconduct or whether this Court's finding is an abuse of  discretion. Applying the "Rule of Reason", to the actions at issue, makes it incumbent on the Appellant, although not required under the Sixth TRAC Factor to demonstrate intentional improper conduct by the agency to justify a writ. The scrutiny of the alleged improper conduct is an important feature of the analysis. Whether this alleged unconstitutional conduct cuts against the "Rule Of Reason".

The Court failed to consider the proper legal standard in its analysis of the Sixth TRAC Factor, The Court found, "The Sixth TRAC Factor makes clear intentional agency misconduct is not required to justify a writ". However, this finding is factually inaccurate and inconsistent with the CAFC language of the Sixth TRAC Factor (6) "There need not be, any improprietys lurking behind agency lassitude in order to hold that agenct action is unreasonably delayed". The Court held that, "Advertent or intentional failure to comply with Court's Order, could well serve to frustrate potential or prospective appellate jurisdiction of Court". Eraspamer V. Derwinski Vet. App.3 (1990).

The Appellant claimed that the VA obstructed the appeal process by failing to first acknowledge the Appellant's and his attorney's repeatedly raised issues of the validity of the debt, the amount of the debt owed and the matter of sole administrative error, throughout over nine years of his request for waiver of overpayment. R.at 250-256, R.at 56, R.at 84-88, R.at 187, R.103 R.at 116-123, R.at 60,64, (attorney's November 26,2013 Board response pg.4,5.

It appears that the failure of the VA to apply established law to the Appellant's challenge to the validity of the debt asserted

against him, prevented his appeal from going forward,deprived him of fundamental fairness goig forward and condemed him to a ping-pong effect of back and forth remands of his waiver appeal. In violation of his statutory rights under 38 U.S.C. 5302(a), Constitional right under the 5th amendment.

The Court held, "when a veteran raises the validity of the debt as part of a waiver application, it is arbitrary and capricious and an abuse of dicretion to adjudicate the waiver application without first deciding a veteran's challenge to the lawfulness of the debt asserted against him". Schaper V. Derwinski Vet. App. 430,437 (1991), VAOPGCPREC 6-98, (july 24, 1998), VAOPGCPREC 2-90 July 1989, 55 Fed. Reg. 27757 (1990).

It also appears that the record reflects that this established rule of law was known to the VA at the time of this waiver appeal. The VA failed to acknowledge clear, unmistakable, mandatory language enunciated in Schaper 1 Vet. App. 430. (see R.at 142-144, R.at 177-180, R.at 171, Mandamus Exhibit 3.

The Appellant contends the over arching inquiry is whether this error is so egregious as to warrant mandamus and constitutes a due process violation.

Specifically, as here this arbitrary and capricious abuse of discretion as a tactic, employed by the VA to prevent the appeal process from moving forward and resulted in an additional remand of his waiver appeal by the Board. (see Appendix January 9,2019 Board order. The due process clause of the 5th and 14th amendment holding unconstitutionional any statute, regulation or practice that interfers with proper and speedy appeals. Procedrual due process imposes constraints on govermental decisions which deprive individuals of liberty or property interests within the meaning of the due process clause of the 5th and 14th amendment.

The strong language enunciated in Schaper 1 Vet. App. 430 (1991) is directed at this agency strategy, that ignores clear, unmistakable, mandatory language by the Court and is designed to deprive the veterans of full, fair expeditious appellate review of remanded claims. As here, this tactic of failing to acknowledge repeatedly raised claims of the validity of the debt and applying known existing established law.

Only lent itself to over 10 years of litigation. Resulting in four remands of his waiver appeal, four extraordinary relief petitions, three law firms representing the petitioner in this 10 year waiver appeal.

When an administrative remedy, or the application of the rule of law on the raised issues of the validity of the debt and the proper creation of the debt, that might have rendered this issue moot, was held in abeyance. Thus, wasting the government's and the veteran's resources.

If the Petitioner's allegations of obstruction and improper actions on the part of the VA, that prevented his appeal from moving forward and being adjudicated on its merits, are simply irrelevant, then there would be no point in a statute and regulation thatrequire consideration of a petition for extraordinary relief. The Court held, "when delay is the basis for a petition the over arching inquiry is whether the agency's delay is so egregious as to warrant mandamus". Here, the Petitioner alleges obstruction of the appeal process and impropertieys lurking behind this 10 year delay in his remanded appeal going forward and being

-6-

adjudicated on its merits. The Court held, A Circuit Court may resolve claims of unreasonable delay in order to protect its future jurisdiction, Telecoms Resarch & Action Ctr. FCC, 750 F. 2d 70. Mandamus is thus an appropriate procedural vehicle to address claims of unreasonable delay in this context. The Secertary has unreasonably delayed action on the Appellant's claim. See Duncan V. Wilkie Vet. App. 18-4441, Duncan V. Wilkie Vet. App. 7027, Duncan V. Mc Donald Vet. App. 16- 0856. "The Secertary shall take such actions as necessary to provide for the Expeditious treatment by the Board of any claim that is remanded by the Court of Appeals for Veterans Claims". 38 U.S.C. 7112, Duncan V. Shinseki Vet. App. 12-3508. The highest and best evidence of this alleged obstruction and impropertiys lurking behind this delay, is the record of this case. The Appellant has provided Exhibits in his Mandamus petitioN Exhibits A,B,C,D, 1,2,3, These records establish.

(1) The VA failed to acknowledge repeatedly raised issues of the validity of the debt by the Appellant and his attorney. See Record Before the Agencey Exhibit A, R.at 250-256, R.at 103, R.at 116-123, R.at 60-64. It also appears, that the record reflects that this establish rule of law was known to the the VA.

(2) The VA failed to submit to the Board in the August 29, 2016 Certification of the Veteran's appeal to the Board, the attorneys August 19, 2016 submission, Prison Account Statements tracking where VA checks were sent key, evidence in his appeal. Also failed to submit the attorney's response to the June 21,    , 2016 Supplemental Statement of the Case. See Exhibit B, also . Exhibit D, devoid of attorney's August 19, 2016 submission. Also Board Docket Summary of events relevant to case No.11-23 116

(3) VA misrepresented the U.S. Tresuary Department, "Exact amount of benefits paid to the veteran," in their MArch 2016 audit of the Vetrans account. "From February 1988 through April 2010." See Exhibit 1, Also    Board's March 2014 Directive No. 1, Bases for Remand Duncan V. Shiseki Vet. App. 12-3508. This action caused unreasonable delay,and resulted in additional remand for the calculated overpayment. The Appellant maintains these above state claims constituted due proces violations and statutory right violations. Congress intended a broad concept of fairnes to apply to waiver request one that reflects the ordinary meaning of the statutory language standard of equity and good conscience.

(4) The VA failed to submit attorney's August 19, 2016 submission of evidence and the Appellant's response to the June 21, 2016 Statement of the Case to the Centrlized commission on waiver's and compromises, for the adjudication on the merits. See Summary of evidence and adjucative action November 14, 2018 SSOC. See Exhibit B, and Exhibit C. pg3, devoid of August 19, 2016 submission. The Appellant maintains this action constituted a due process violation and a statutory right violation under 38 U.S.C. 5302 (a).

Under the Fifth TRAC Factor, the Court held, "assuming a claim is not expedited or remanded by this Court. If the Court were to grant the writ, Petitioner would essentially jump to the head of the line".
The Appellant notes this claim was remanded by the Board January 19, 2019 and the Court August 2013. The Court refuses to acknowledge the statutory instruction that cases on remand by the Veterans Court receive expedited treatment per. 38 U.S.C. 5302(a). Further, the Court found, under the Rule of Reason, "it appears it has only been about 4 Months since the matter was returned to the RO. so, VA has been working on the claim and appears to be nearing a resolution". It appears the record does not reflect that the Respondent was required by the Court to respond to the Appellant's Petition pursuant to Vet. App. Rule 21(d). The record does not reflect that the Respondent exlaineded any reason for the over one year processing of the remanded claim. (see Appendix, Board's January 19, 2019 Order.
" Secretary of VA had not explained reason for Approximately one and half year delay, U.S. Court of Appeals for Veterans claims was compled to moinitor Secretary to ensure timely processing of veteran's claims". Scott V. Shinseki 2013 U.S. App. Vet. claims Lexis 1392, U.S. App. Vet. CI. August 21, 2013.


CONCLUSION

Wherefore, the Appelant request the Federal Circuit Court enter an Order finding The Respondent's delay in resolving this 10 year waiver request unreasonable and unconstitional and grant the issuance of the writ of mandamus.
Alternatively, The Appellant request the Court remand this case to the Veteran's Court to consider statutory instruction that cases on remand by Veteran's Court receive expedited treatment per. 38 U.S.C. 5109B, 7112, Also to consider whether further delay could well serve to frustrate potential or prospective appellate jurisdiction of Veterans Court.
Finally, This Federal Circuit Court retain Jurisdiction over this 10 Year old case, until final agency dispostion, also consider whether the VA further delay could well serve to frustrate potential or prospective appellate jurisdiction of this Federal Circuit Court of Appeals.


This  20th  day of  August  2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL BRIEF OF APPELLANT

**Case Number:** 20-2099

**Short Case Caption:** Duncan V. Wilkie

**Name of Appellant:** Gary B. Duncan

---

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages.

Attach a copy of the opinion, order, and/or judgment of the Court of Appeals for Veterans Claims. You may also attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

---

1. Have you ever had another case in this court?  ☐ Yes  ☒ No
   If yes, state the name and number of each case.

2. Did the Court of Appeals for Veterans Claims decision involve the validity or interpretation of a statute or regulation?  ☐ ~~Yes~~  ☒ No

   If yes, what are your arguments concerning those issues?

3. Did the Court of Appeals for Veterans Claims decide constitutional issues?
☐ Yes  ☒ No

If yes, what are your arguments concerning those issues?

4. Did the Court of Appeals for Veterans Claims fail to decide any other issue correctly?    ☒ Yes    ☐ No

If yes, how?

Failed To decide TRAC Factor Elements 1,2,3,4,6 Correctly. The Appellant raised due process issues and Statutory right issue under 38 U.S.C. 5302(a) That was not acknowledged.
See Appellant's Brief in support of Appeal.

5. Are there other arguments you wish to make?    ☒ Yes    ☐ No
If yes, what are the arguments?

Court failed to require The Respondent To respond To The Appellant's Mandamus Claims under Vet. App. Rule 21(d). See Appellant's Brief in support of Appeal.

6. What action do you want this court to take in this case?

ENTer an order finding The Respondent over 10 year
failure To resolve waiver request a STaTuTory right
Violation and a CONSTUTIONal Violation and issue a
writ of Mandamus. See Brief in support of Appeal
CONClusion.

Date: 8/39/20          Signature: Gary B Duncan

                       Name: Gary B. Duncan



# BOARD OF VETERANS' APPEALS

## DEPARTMENT OF VETERANS AFFAIRS

IN THE APPEAL OF
    **GARY B. DUNCAN**
REPRESENTED BY
    **Patrick C. Dicarlo, Attorney**

C 29 649 857
Docket No. 11-23 116

DATE:      January 9, 2019

## REMANDED

The issue of entitlement to waiver of recovery of an overpayment of Department of Veterans Affairs (VA) disability compensation benefits in the amount of $11,490.90 resulting from the Veteran's incarceration in excess of 60 days for conviction of a felony is remanded.

## REASONS FOR REMAND

The Veteran served on active duty from September 1976 to March 1979.

The appeal was denied in a September 2012 Board of Veterans' Appeals (Board) decision that the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). The Court issued an August 2013 joint motion for remand (JMR) that vacated and remanded the September 2012 decision. The Board subsequently remanded the appeal in March 2014 and July 2017.

As explained below, the Board finds the Veteran has raised the issue of the proper creation of the debt, to include a dispute on the amount of debt owed and the matter of sole administrative error. Resolution of the creation issue must precede consideration of the waiver issue and must include consideration as to whether the Veteran was either legally entitled to the benefits in question or, if the Veteran was not legally entitled, whether VA was solely responsible for the Veteran being erroneously paid benefits. *See* VAOPGCPREC 2-90 (July 17, 1989); 55 Fed. Reg. 27757 (1990) (administrative errors include all administrative decisions of

entitlement, whether based upon mistake of fact, misunderstanding of controlling regulations or instructions, or misapplication of law); 38 C.F.R. § 3.350(b)(2).

The Veteran was discharged from active service in March 1979 and has been in receipt of VA compensation benefits at a 10 percent disability since separation. The record indicates he was incarcerated following conviction of a felony on December 8, 1987. His overpayment debt is due to receipt of full compensation benefits while incarcerated from February 1988 to April 2010. 38 U.S.C. § 5313; 38 C.F.R. § 3.665 (any person serving a period of incarceration for conviction of a felony that is in receipt of VA compensation at a rate of 20 percent or less shall be paid one-half the rate of compensation for the period beginning on the 61st day of such incarceration).

Historically, the Veteran was awarded service connection and a 10 percent combined rating in a July 1979 rating decision. A November 2009 letter from the Veteran indicated his compensation benefits were suspended in June 2009 and noted that he was incarcerated, VA then received records in January 2010 confirming the Veteran's continued incarceration since December 1987 following conviction of a felony. In a January 2010 notification letter, the Veteran was informed that his compensation checks would be reduced by one-half due to notice of his incarceration following conviction of a felony; an April 2010 notification letter informed the Veteran that his compensation benefits were retroactively reduced and notified him that an overpayment was created. An April 2010 Debt Management Center first demand letter indicated withholding for an overpayment of $11,490.90 would begin in July 2010. Based on May 2010 correspondence from the Veteran, a request for waiver of the overpayment debt was considered and denied in the June 2010 decision on appeal by the Committee on Waivers and Compromises. Thereafter, a June 2011 statement of the case (SOC) denied waiver of the debt due to a finding of fault and unjust enrichment.

The Board notes that the Veteran submitted an August 2010 notice of disagreement with the June 2010 waiver decision but his correspondence included argument on whether the overpayment debt, to include the amount of the debt, was validly created. Additionally, the Veteran indicated that the error in this case was on VA's part as he was never notified of any requirement to report incarceration pursuant to 38 C.F.R. § 3.655 as the regulation was enacted after his award of service

connected was granted; he asserts that therefore the overpayment debt was not valid and indicated that recoupment violated his constitutional rights. In addition, he argued administrative error was solely attributable to VA due to his verbal notification that he was incarcerated in 1988 that resulted in his benefit checks being sent to his mother's address and additional reports of changes in address as he moved between prisons that notified VA of his incarcerated status. *See* 38 U.S.C. § 5112(b)(10); 38 C.F.R. § 3.500(b)(2) (finding the effective date of a reduction or discontinuance of compensation by reason of an erroneous award based solely on administrative error or error in judgment shall be the date of last payment).

Specifically, in August 2010 and September 2010 letters he reported that the amount of overpayment debt was incorrect because he did not receive compensation benefits from June 2009 to April 2010. Additionally, multiple statements essentially contend that the regulation on decreased compensation benefits (38 C.F.R. § 3.665) did not apply to him because his award of service connection was prior to the addition of 38 U.S.C. § 5313 in October 1980. He also generally argued that he was unaware that he was not entitled to his full compensation benefits while incarcerated but was informed when his benefits were suspended in June 2009. He indicated that other veterans informed him that their benefits were reduced but was told that everyone was entitled to maintain a 10 percent rate. Further, he noted that he advised VA of his changes in address when he became incarcerated and after moves between prisons and that VA continued to send his full benefit checks to his prison address; the Board notes that the record indicates the Veteran submitted a June 2000 request for change of address from his mother's address to a post office box associated with his state prison. Based on the above, the Board finds the Veteran's statements are to be construed as a disagreement with whether such overpayment debt was validly created in the April 2010 demand letter, which is consistent with the Agency of Original Jurisdiction's (AOJ) development that included June 2011 and March 2016 audits of the amount of debt owed. Further, in his VA Form 9 and later correspondence, the Veteran and his attorney reasserted a dispute of the amount of debt owed and reiterated that the Veteran believed he was entitled to compensation benefits at a 10 percent rate during the period in question and that such belief was reinforced because VA continued to send full compensation

3

benefits to his prison addresses during the period in question; the Veteran submitted bank statements to demonstrate the receipt of such payments.

As such further appellate review by the Board on the Veteran's waiver claim must be deferred pending formal adjudication of a threshold determination on the propriety of the creation of the debt prior to a decision on the waiver of indebtedness. *Schaper v. Derwinski,* 1 Vet. App. 430, 437 (1991) ("when a Veteran raises the validity of the debt as part of a waiver application... it is arbitrary and capricious and an abuse of discretion to adjudicate the waiver application without first deciding a veteran's challenge to the lawfulness of the debt asserted against him or her"); VAOPGCPREC 6-98 (July 24, 1998) (holding that when a veteran challenges the validity of the debt and seeks waiver of the debt, the [Regional Office] must first fully review the debt's validity and, if the office believes the debt to be valid, prepare a written decision fully justifying the validity of the debt before referring the waiver request to the Committee on Waivers and Compromises). A debtor may dispute the amount or existence of a debt, which is a right that may be exercised separately from a request for waiver or at the same time. 38 C.F.R. § 1.911(c)(1).

The matter is REMANDED for the following actions:

> 1. Adjudicate the issue of whether the overpayment was properly created, to include the amount of debt owed and the raised matter of sole administrative error.

> 2. After the issue regarding whether the overpayment was properly created is resolved to the Veteran's satisfaction, perfected on appeal, or finally denied, issue a supplemental statement of the case (SSOC) that addresses the waiver issue, if appropriate (*i.e.,* if creation of the overpayment debt was valid).

IN THE APPEAL OF
**GARY B. DUNCAN**

C 29 649 857
Docket No. 11-23 116

Nathan Kroes

Nathan Kroes
Veterans Law Judge
Board of Veterans' Appeals

ATTORNEY FOR THE BOARD

A. Odya-Weis, Counsel

5

*Designated for electronic publication only*

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-2116

GARY B. DUNCAN, PETITIONER,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before ALLEN, *Judge*.

### ORDER

*Note: Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

On March 24, 2020, self-represented petitioner Gary B. Duncan filed a petition for extraordinary relief to compel VA to act on his claim to waive the recovery of an overpayment. He alleges generally that VA has delayed his appeal of this issue and that a writ is therefore warranted.

In the exhibits included with his petition, the petitioner provided a copy of a January 2019 Board remand of the waiver issue.[1] Additionally, he included an October 2019 letter he sent to the Board of Veterans' Appeals related to the overpayment issue. In a December 23, 2019, letter, the Board informed petitioner that his correspondence was associated with his file and that his claims file was returned to the Atlanta, Georgia, regional office (RO) for compliance with the January 2019 Board remand.

Under the All Writs Act, this Court may issue extraordinary writs in aid of its jurisdiction.[2] This includes writs to "compel action of the Secretary unlawfully withheld or unreasonably delayed."[3] But "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."[4] Three conditions must be met before the Court can issue a writ: (1) The petitioner must show the lack of adequate alternative means to obtain the desired relief; (2) the petitioner

---

[1] Petition, Exhibit A.

[2] 28 U.S.C. § 1651(a); *see Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998).

[3] 38 U.S.C. § 7261(a)(2); *see Martin v. O'Rourke*, 891 F.3d 1338, 1342-43 (Fed. Cir. 2018).

[4] *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976).

must show a clear and indisputable right to the writ; and (3) the Court must be convinced that issuing the writ is warranted.[5]

When delay is the basis for a petition, "[t]he overarching inquiry ... is 'whether the agency's delay is so egregious as to warrant mandamus.'"[6] In *TRAC*, the U.S. Court of Appeals for the D.C. Circuit identified six factors relevant to that inquiry: (1) The time agencies take to make a decision must be governed by a "rule of reason"; (2) where, in the enabling statute, Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, that statutory scheme may supply content for this rule of reason; (3) delay that might be reasonable in the sphere of economic regulation is less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) there need not be "any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."[7]

As to the first factor, applying a "rule of reason" to the actions at issue, the Court concludes that VA's action has not been unreasonable. Although the delay petitioner experienced is frustrating, VA has explained to him the steps taken to develop his claim, including providing a status update in response to his correspondence. Thus, this is not a situation of "complete inaction by the VA," something the Federal Circuit has indicated is important in assessing the "rule of reason."[8] Of course, total inaction is not required. But, at this point, it appears it has been only about 4 months since the matter was returned to the RO. So, VA has been working on the claim and appears to be nearing a resolution. Thus, the first *TRAC* factor weighs strongly against issuance of a writ.

The second factor, concerning congressional timelines, is closely related to the first. Congress has not provided a schedule for VA adjudication. Additionally, Congress created the VA system to be a multistep process. The fact that Congress elected to design an adjudicatory system with such features also counsels against the issuance of a writ in this case. The delays in this case are closely tied to the multistep process Congress has put into place. Again, that will not always be the case, but it is here.

The third and fourth *TRAC* factors focus on the veteran's interests. The petition here deals with the petitioner's health and welfare. These are significant considerations and weigh strongly in the petitioner's favor.

The fifth factor, however, weighs against issuing a writ. This factor deals with the effect granting a writ would have on VA's other activities, such as processing other veteran's claims.[9]

---

[5] *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

[6] *Martin*, 891 F.3d at 1344-45 (quoting *Telecomms. Research Action Ctr. v. FCC (TRAC)*, 750 F.2d 70, 79 (D.C. Cir. 1984)).

[7] 750 F.2d at 80.

[8] *Martin*, 891 F.3d at 1345-46.

[9] *Id.* at 1347.

VA is processing petitioner's claim in a system that generally requires it to act on claims in the order they are received (assuming a claim is not expedited or remanded by this Court). If the Court were to grant the writ, petitioner would essentially jump to the head of the line, a problem the Federal Circuit has warned against.[10] This is not to say that such an effect would always serve to prevent the issuance of a writ. But it is an important feature of the analysis. In the context of this matter in which the "rule of reason" is satisfied, this factor cuts against the petitioner.

Finally, the sixth *TRAC* factor makes clear that intentional agency misconduct is not required to justify a writ. The absence of such intentional misconduct plays no role in the Court's decision on this matter.

In sum, the reality is there is "no hard and fast rule with respect to when delay becomes unreasonable."[11] After considering all the facts through the lens of *TRAC*, the Court concludes that petitioner has failed to demonstrate that any delay here has been so egregious to warrant the issuance of a writ. Therefore, the Court will deny his petition for a writ.

Accordingly, it is

ORDERED that the petition for extraordinary relief is DENIED.

DATED: April 21, 2020                                           BY THE COURT:

MICHAEL P. ALLEN
Judge

Copies to:

Gary B. Duncan

VA General Counsel (027)

---

[10] *See Ebanks v. Shulkin*, 877 F.3d 1037, 1040 (Fed. Cir. 2017).

[11] *Martin*, 891 F.3d at 1346.

3

Gary B. Duncans
G.D.C. 443805
Riverbend Correctional Facility
196 Laying Farm Road
Milledgeville, GA 31061

Hasler
08/21/2020
US POSTAGE $002.60

FIRST-CLASS MAIL

ZIP 31061
011E11683482

U.S. Court of Appeals For The Federal Circuit
Howard T. Markey Nationale Court Building
717 Madison Place, N.W.
Washington, DC 20439