# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**RECEIVED**

NOV 0 9 2020

United States Court of Appeals
For The Federal Circuit

### INFORMAL REPLY BRIEF OF PETITIONER/APPELLANT

**Case Number:** 20- 20 2099

**Short Case Caption:** Duncan V. Wilkie

**Petitioner/Appellant:** Gary B. Duncan

---

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 15 pages.

You may attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Do not attach material already attached to your informal opening brief. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

---

1. Have you received a copy of the respondent/appellee's response brief?
   ☒ Yes  ☒ No

   **STOP:** You may use this form to respond to arguments raised in the brief of respondent/appellee. If you have not received that brief, you may not file this form. **Do not proceed or file this form if you answered "No."**

2. What are your arguments in response to the respondent/appellee?

   > Whether an Agency acts lawfully in failing to acknowledge Veteran's claims and apply established due process laws.
   >
   > Whether the Secretary or General Counsel's failure to respond to Appellant's allegations of constitutional rights violations and statutory mandate violations are the Appellant's points are conceded.  (See attachment)

3.  Are there other arguments you wish to make?  ☒ Yes  ☐ No
    If yes, please state them.

> Whether Congress intended to insulate from Judicial review
> the Veteran's Court's rulings on mandamus petitions, that are
> not supported by the record.

Date: 10/28 2020          Signature: *Gary Duncan*

                          Name:      Gary B. Duncan

U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT

GARY B. DUNCAN                          (
(APPELLANT)                             (        Docket No. 2020 2099
                                        (
                                        (
                                        (
                                        (
V.                                      (        **RECEIVED**
                                        (
                                        (        NOV 0 9 2020
                                        (
                                        (        United States Court of Appeals
                                        (        For The Federal Circuit
ROBERT WILKIE                           (
(RESPONDENT)                            (
Secertary Of Veterans Affairs           (


## INFORMAL REPLY BRIEF OF APPELLANT

Now comes the Appellant acting Pro-Se and makes this his Informal
Reply Brief.
On August 20, 2020 the Appellant filed his Informal Brief in the
U.S. Court of Appeals for the Federal Circuit (CAFC).
On September 2020 the Respondent provided his Brief.
The Appellant argued in his appeal that the Court Of Appeals
for Veterans claims (COURT).

1
Improperly applied the TRAC Factors, to the Appellant's Mandamus
Petition. Brief pg. 4,5,6, Appendix 1


2
Failed to address or consider the Appellant's claim that, the VA
violated his due process rights, under the 5th amendment and his
Statutory rights under 38 U.S.C. 5302(a). Brief pg. 4,5,6,7.


3
The Court failed to require the Respondent, to respond to the
Appellant's Mandamus Petition.

It appears that the Court found under the Rule Of Reason, "It
has only been about 4 months since the matter was returned to the
RO. So, VA has been working on the claim and appears to be
nearing a resolution".
The Appellant argues this is precisely the issue at hand:
It is self evident that, the Respondent was not required to
respond to the Appellant's Mandamus Petition, by the Court.
The Court should have required the Respondent, Per. Vet. App.
Rule 21(d) to answer the Petition, but did not.
As here, the record does not reflect that, the Respondent explained
any reason for the over one year delay, for the processing of the
Board's remanded Appeal of January 9, 2019 (Appendix 2).
Congress did not intend to insulate from judicial review the

Veteran's Court rulings on Mandamus Petitions, that are completly not support by the record, under 38 U.S.C 7292 (d)(2).
38 U.S.C. 5109B, 7112, statutory instruction, creates enforceable right for veterans.
The due process clause of the 5th and 14th amendments holding unconstituional any statute, regulation or practice, that interfers with proper speedy appeals.
The Appellant is entitled to have the (CAFC) review his appeal with these pertinent documents, that are reflected in the Court's April 21, 2020 Order, denying mandamus petition.
For these reasons, the Secertary's reply is required, so that the (CAFC) can ensure its duty to make appropriate findings, regarding the Appellant's appeal for extraordinary relief is met.
38 U.S.C. 7292 (2)(A)(B) mandates that, (2) "Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination (B) a callenge to a law or regulation as applied to the facts of a particular case".
Where as here, when the basis of the Appellant's appeal is an allegation of unconstitutional obstruction of the appeal process, that interfered with his appeal from going forward, and being adjudicated on its merits.
The Appellant raised this issue in his mandamus petition.
Infact, the Appellant provided Exhibits in his petition, Exhibits A,B,C,D,1,2,3. The Appellant provided detailed information and documents from the record, regarding alleged constitutional rights violations. (see Duncan V. Wilkie Vet. App. 20-2116.
Significantly, the Respondent fails to address key issues raised by the Appellantin this appeal. Although the Appellant has presented a revelant, fair and reasonably comprehensive brief, with appropriate references.
The Respondent did not acknowledge or address the Appellant's claims, that his statutory rights and his Constitutional rights were violated by the interference and delay of his waiver appeal, under 38 U.S.C. 5302(a) and the 5th amendment.
Congress intended a broad concept of fairness to apply to waiver request, one that reflects the ordinary meaning of the statutory language standard of equity and good conscience.
Despite, the claims and evidence provided by the Appellant, the Respondent or the General Counsel failed to address these issues raised by the Appellant. The Appellant challenges the issue of the validity of the debt, the amount of the debt owed and sole administrative error, repeatedly over 10 years, the record reflects. The VA never response to the veteran's issues raised. Ten years later, the VA is still employing a tactic, that is held to be arbitary capricious and abuse of discretion. Schaper 1 Vet. App. 430,437.
However, the Court found, "Where appellant has presented legal plausible position in the form of revelant, fair and resonably comprehensive brief with appropriate refereances and Secretary has failed to respond appropriately, Court is free to assume that the points raised by appellant and ignored by General Counsel are conceded". Mac Whother V. Derwinski 2 Vet. App. 133 (1992)
Significantly, by not responding to the Appellant's Constituional claims, the Respondent has conceded the points raised in this appeal.

(1) The Appellant repeatedly raised issues of the validity of the debt, proper creation of the debt, for over ten years, that was not properly responded to. Schaper V. Derwinski 1 Vet. App. 430 (1991) VAOPGCPREC 6-98 (April 24,1998) Record Before the Agency (RBA) R.at 250-256, R.at 116-123, R.at 156-58, R.at 56, R.at103, R.at 193,195, R.at 217-26, January 9, 2019 Board Order Appendix 2

Further, the record reflects that the VA was aware of the established law, regarding the veteran's challenge to the validity of the debt. Procedural due process clause of the 5th and 14th amendment imposes constraints on govermental decisions, which deprive individuals of liberty or property intrest, within the meaning of the due process clause. R.at 142-144, R.at. 177-180 R.at 171,

(2) The VA failed to provide to the Board of Veterans Appeals (Board)in the August 29, 2016 certification of the veteran's appeal, per. 38 C.F.R. 19.35, the Appellant's attorney's August 19, 2016 submission. The Veteran's response to the June $21$, 2016 Supplemental Statement of the Case (SSOC) and the evidence on the veteran's behalf, Prison Account Statements, tracking where VA checks were sent, key evidence in his appeal.
See Exhibit B also Exhibit D, devoid of acknowledgement of attorney's August 19, 2016 submission.                    0
The record reflects, that the attorney resubmitted his August 19,2016 submission on December 26, 2018 to the Board. Appendix 2 pg 4.
The record reflects that, the VA faliure to submit the attorney's submission, resulted in the failure of the Board to consider evidence on the veteran's behalf, and resulted in the Board's additional remand of the waiver appeal on July 2017.
(see Duncan V. Wilkie Vet. App. 18-4441 18-7027.
(see Duncan V. Vet. App. 20-2116 Exhibits A.B.C.D. 1,2,3.)
The Appellan claims this action constituted a due process violation.

(3) The VA failed to submit attorney's August 19, 2016 submission of evidence on the veteran's behalf and response to the June 21, 2016, Statement of the Case (SSOC) to the Centralized Commission on Waivers and Compromises (COWC), for the adjudication on the merits. (see November 14, 2018 SSOC Summary of Evidence and Adjucative Action, Exhibit C pg.3 devoid of attorney's August 19, 2016 submission. Exhibit D devoid of attorney's submission.

I request that the CAFC scrutinize Exhibit D. The Appellant lost his copy of Exhibit D, The sworn Declaration of the VA revelant to the case. The Appellant is unable to provide Appendix of Exhibit D.

(4) The VA misrepresented the basis for the calculated over payment, in the March 2016 audit results of the Appellant's case. The VA claimed that the, "information used in the audit was supplied by the U.S. Treasury Department." Further the VA

CLAIMED, "benefits paid the veteran was the exact amount information received from the U.S. Treasury Department, from February 1988 through April 2010". (see Exhibit 1)

After the veteran contacted the Treasury Dept. The Treasury acknowledged in their February 2018 correspondence that, "we have no record of payments to Mr. Duncan prior to 2008". (see Exhibit 1, _____ . (see attorney's response Exhibit B, _____ .
Significantly, this misrepresentation of the basis for the calculated overpayment, obstructed the expeditious treatment of the Appellant's waiver appeal. ( see March 2014 Board Order Directive 1, Duncan V. Mcdonald Vet. App. 16-0856, bases for remand Duncan V. Shinseki Vet. App. 12-3508, Appendix 2 .

It also appears on June 14, 2011, the VA sent the Appellant a Statement Of the Case (SOC) R.at 127-129.
The Appellant then filed multiple letters, questioning the validity and the amount of the alleged debt. Further, he claimed that he did not receive the VA's alleged June 3, 2011, audit results of his VA account. R.at 128, R.at 193-195, R.at 156-58, R.at 116-123, R.at 84,88, R.at 150,152 R.at 74-76, R.at 103.
The Appellant formally appealed the denial of waiver request, on August 12, 2011, R.at 101-107.
In the Appellant's Form 9 appeal, the Appellant claimed he never received the alleged June 3, 2011 audit results, that the SOC claimed was sent to him. R.at 128, R.at 103, R.at 116-123, R.at 84-88, R.at 187.
2 months after his Form 9 appeal was docketed in the Board, the VA on October 6, 2011 filled an audit of the veteran's account R.at 68-70.
The Appellant argues that the Record Before the Agency establish the VA failed to notify the Appellant prior to his filing of his Form 9 appeal, on August 2011, R.at 101-103, of the complete elimination of his entitlement benefits, from May 2009 through March 2010. R.at 68-70.
Significantly, this failure to notify and disclose to the Appellant, before he filled his Form 9 Appeal of the audit results, in the Summary of Evvidence and Adjucative Action. This VA adverse action was improper and constituted a due process violation. (see Schaper V. Derwinski Vet. App. 430 (1991) VAOPGCPREC (6-98) July 24, 1998) Bases for Remand Duncan V. Shinseki Vet. App. 12-3508. This VA action improperly interfered with the Appellant' due process right and resulted in the Joint Remand of his appeal. See Appendix 2.

In addition it also appears that the Appellant in his waiver appeal, raised the claimed of the existence of the debt, assed to him by the VA per. 38 C.F.R. 1.911 (c)(1).
Specifically, he alleged that the assement of the debt, violated his constitutional rights. R.at 250-255, R.at 56, Appendix 2.
The VA and Board failed to address this raised issue entirely.
The Appellant argues, this failure to acknowledge the veteran's claim, was improper and constituted a due process violation, which resulted in an additional remand. Appendix 2, ___ .
VAOPGCPREC 6-98 (July 24, 1998) holding that, "When a veteran challenges the validity of the debt and seeks waiver of the debt,

the Regional Office must first fully review the debts validity and if the office believes the debt to be valid, prepare a written decision fully justifying the validity of the debt, before referring the waiver request to the Committee on Waivers and Comprimises". 38 C.F.R. 1.911(c)(1).
Because the VA failed to follow the above esablished law, constituted a due process violation. R.at 171, R.at 177-180, Duncan V. Wilkie Vet. App. 20-2116, Brief pg. 7

Finally, the Appellant by no means seeks to substitute this appeal for extraordinary relief, for an appeal of the alleged egregious errors that are apparent on the face of the record of this case.
It necessitates scrutiny of the record, by the (CAFC) to determine whether the record establishes, the preequisites to a finding of bad faith and constitutional violations, that cuts against the Rule of Reason, on the part of the VA are present.
38 U.S.C. 5302(a) mandates that, "Congress intended a broad concept of fairness to apply to waiver request, one that reflects the ordinary meaning of the statutory language, Standard of Equity and Good Conscience".
If the Appellant's allegations of obsruction and improper actions, whether advertent or intentional, that interfered with his appeal from moving forward and being adjudicated on its merits, are simply irrelevant, for a response by the Secretary, then there would be no point in a statute and regulation, that require consideration of a petition for extraordinary relief.
I also note, that on September 8, 2020 the VA Regional Office Director, sent the Appellant a correspondence claiming, my attorney Patrick Di Carlo, "can no longer represent you before the Department Of Veterans Affairs, Because this individual does not hold the proper VA accreditation".
The Appellant contends this VA action, is part of an orchestrated attempt, to deny the Appellant due process and retaliate for appealing his Mandamus Petition to the CAFC.
The Appellant's attorney is an accreditated licensed attorney, who owns his own law firm.
I note, that attorney Di Carlo has represented the Appellant for over 7 years, in this waiver appeal..
The attorney is responsible for, Three Board Remands, and has sucessfully fought for the veteran's rights.
Mr. Di Carlo has been admitted to practice in the highest Court in the state of Georgia, within the meaning of 48 U.S.C 1904(e) (5) and is in good standing therein.
The Appellant contends this VA action, denies the Appellant due Process and violates his constutional rights.
If the CAFC does grant the Writ of Mandamus and compels the Secertary to carry out the Boards remand directive of January 9, 2019, The VA has ensured that the veteran will not be represented by counsel who has sucessfully worked on this case for seven years.

On September 28, 2020 The Appellant received the VA's Supplemental Statement of the Case SSOC, pursuant to the Board's January 9, 2019 remand order. This SSOC gives the veteran 30 days to file his response and his Form 9 appeal. this September 8, 2020 notification by the VA, that they essentially fired my attorney from representing me 17 days before the VA issued its September 25, 2020 SSOC.

Further, this adverse action has affected and prejudiced the veteran's Form 9 appellate response.

Moreover, this adverse action by the VA comes after the Appellant mandamus appeal is still pending in the CAFC, docketed July 31 2020.

The Appellant has requested appoint of counsel. This VA action falls bellow objective standards of reasonableness.

Procedural due process imposes constraints on govermental decisions, which deprive individuals of liberty or property intrest, within the meaning of the due process clause of the U.S. constitution 5th and 14th amendments.

The basis of his pending mandamus appeal in this Court, is an allegation of unconstitutional obstruction of the waiver appeal under 38 U.S.C. 5302(a). Despite, the claim and the evidence provided by the Appellant, Exhibits A,B,C,D,1,2,3. The Respondent or the General Counsel have failed to address these properly raised issues. The VA has essentially fired my attorney who has worked on this waiver appeal for 7 years.

This adverse action by the VA represents, further obstruction of the Appellant's waiver appeal.

The Appellant request that the Court take Judicial Review of the September 25, 2020 SSOC. It appears that the VA once again failed to comply with the Board's January 9, 2019 Order directives. The RO failed to address the three remand directives by the Board.

The January 9, 2019 Board Order directed the VA, "the Board finds the veteran has raised the issue of the proper creation of the debt, to include a dispute on the amount of the debt owed and the matter of sole administrative error. Resolution of the creation issue must precede consideration of the waiver issue and must include consideration as to whether the veteran was legally entitled to the benefits in question or if the veteran was not legally entitled, whether VA was solely responsible for the vetern being erroneously paid benefits."

VAOPGCPREC 2-90 (July 17, 1989) 55 Fed, Reg 27757 (1990) (Appendix 2)

This is precisely the i ssue at hand, it is self evident that the VA refuses to address these raised issues of the veteran for over 10 years. R. at 56, 250-255, R. at 103, 116-123, 60-64. Duncan V. Mc Donald Vet. App. 16-0856, Duncan V. Wilkie Vet. App. 18-4441, 187027, Duncan V. Shinseki Vet. App. 12-3508, see Bases for Remand.

The Appellant's attorney has presented the veteran's legal plausible postion, in the form of revelant, fair and comprehensive briefs with references. The VA has failed to comply with the Board's directives, resulting in three Board remands of his waiver appeal, 2014,2017, 2019.

The VA found, " you were at fault in the creation of the debt

- 8 -

because your incarceration caused the debt".
This finding is inconsistent with the Board's January 9, 2019
Order which states: " His overpayment debt is due to receipt
of full compensation payments benefits while incarcerated, from
February 1988 through April 2010. The veteran argued that, the
debt was not caused by Mr. Duncan's incarceration, but rather
by VA overpaying him despite knowledge of his incarceration.
See December 26, 2018 attorney's response to the SSOC.
August 19, 2016 attorney's submission Exhibit B, March 2014,
Board remand.
The September 25, 2020 SSOC does not address, whether and when
the VA was definitively notified of the veteran's incarceration,
Which is the basis of the Board's 2019 Order Appendix 2.
The September 25th SSOC does not arguably mention or consider
the proper creation of the debt, because it identifies no basis
that the VA was not notified of the veteran's incarceration.
The September 25th. SSOC does not mention or consider, whether or
not Sole Administrative error existed on the VA's part or whether
or not, VA was responsible for the veteran being paid full benefit
as the Board directed the Agency to do.
The Appellant request the CAFC take Judicial Notice of the
Joint Motion Remand, Bases for Remand Duncan V. Shinseki Vet. App.
12- 3508. It is fairly obvious that the VA completley ignored
the Veteran's Court Bases for Remand and the January 2019 Board
Order.
For these reasons, the VA should have appropriately addressed
these Board directives, so that the Board can ensure that its
duty, to make appropriate written findings regarding the validity
of the debt is met. 38 U.S.C. 7104 Mc Dowell ·V. Shinseki 23
Vet. App. 207,215 (2009). Allday V. Brown 7 Vet. App. 517,527.
Additionaly, this SSOC does not consist of a decision issued
pursuant to the Jauary 2019 Board Oreder. Instead it fails to
substantially complete the remand order.
This SSOC decision does not moot the Appellant's challenge
of the Veteran's Court decision, at issue in this case as the
Respondent suggest. This September 25th SSOC is more evidence
and a clear demonstration, of the alleged obstruction of the
Appellant's Waiver appeal. It is self evident, that the Appellant
and the Board raises issues of the validity of the debt, that
are again ignored by the VA.
What happens now? the Board again remands the case back to the
VA to complete its directives, who then takes a couple of more
years to again respond to the Board's remand directive,
while the veteran again files mandamus petitions.
this is the ping pong effect the veteran complains about.
While the application of the rule of law, on the raised issues
of the validity of the debt,    the proper creation of the debt
that might have rendered this issue moot, is held in abeyance.

This 28Th day of OCTober 2020        Respectfully submitted
                                     Gary B. Duncan

-9-

 **Department of
Veterans Affairs**

EVIDENCE INTAKE CENTER
PO BOX 4444
JANESVILLE WI 53547-4444

September 8, 2020

In reply, refer to:
29 649 857

GARY BERNARD DUNCAN
RIVERBEND CORR.
FACILITY GDC443805
196 LAYING FARM RD
MILLEDGEVILLE GA 31061

**RECEIVED**

NOV 0 9 2020

United States Court of Appeals
For The Federal Circuit

Dear GARY DUNCAN,

Our records show that you appointed PATRICK C DICARLO to represent you on your veterans benefits claim. This letter is to inform you that PATRICK C DICARLO may no longer represent you before the Department of Veterans Affairs (VA).

PATRICK C DICARLO is no longer accredited with VA to prepare, present, and prosecute VA benefits claims. Because this individual does not hold the proper VA accreditation, VA may not recognize the individual as the representative on your claim moving forward.

**What You Need to Do**

Even though the above-named individual is no longer representing you, VA will continue our review of your claim and assume that you want to pursue your claim on your own, unless, and until, you submit a new VA Form 21-22 or VA Form 21-22a appointing a new representative. If you would like to be represented on your claim, you must select someone new to represent you. A list of VA-accredited practitioners is located at **https://www.va.gov/ogc/apps/accreditation/index.asp**.

**Contesting an Award of Fees**

If you entered into a fee agreement with PATRICK C DICARLO and it is later determined that your former representative is eligible for fees based on you receiving a favorable decision on your claim, you may request that VA's Office of General Counsel review the fee called for in your fee agreement because the attorney/agent did not provide continuous representation on your claim. Based on your request, the Office of General Counsel will decide the appropriate amount of fees to be paid based on your former representative's contribution to and responsibility for the benefits awarded and may reduce the amount of fee that your former representative may receive. Please see the attached factsheet on how to request a reasonableness review of the fee called for in your fee agreement.

If you need assistance or have questions you may contact us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the Federal number is 711. For Veterans residing outside of the United States, call or visit the nearest American Embassy or Consulate for assistance. In Canada, call or visit the local office of Veterans Affairs Canada. From Guam, American Samoa and N. Marianas, call us at 1-800-827-1000. All other calls outside the US please call 412-395-6272. If you use a TDD, the number is 1-800-829-4833.

Sincerely yours,

**Regional Office Director**

Enclosure: Factsheet

*APPellaNT'S
APPeNdix #3*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the within and forgoing by depositing it in the United States Mail with adequate first-class postage affixed thereon to insure delivery, properly addressed to:

1)

Richard P. Schroeder - Trial Attorney
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044

**RECEIVED**

NOV 0 9 2020

United States Court of Appeals
For The Federal Circuit

2)

_____
_____
_____
_____

3)

_____
_____
_____
_____

Respectfully submitted, this 28th day of October , 20 20

By: Gary B. Duncan
Pro Se
GDC# 443805
Address: Riverbend Corr. Facility
196 Laying Farm Road
Milledgeville GA 31061

U.S. COURT OF APPEALS for The FEDERAL CIRCU

~~SUPERIOR COURT OF~~ _____ ~~COUNTY~~

~~STATE OF GEORGIA~~

Gary B DuNcan,
(APPellant)

vs.
Robert Wilkie,
(Respondent)

Case Number 2020-2099

## VERIFICATION

My name is Gary B. Duncan _____. I hereby swear or affirm, before a notary public, that I have read the following document:

_____,

which I am filing in court with this *Verification*, and the facts stated in the document are true. I have placed These InformaL Reply Brief INSTITUTION INTerNal Mail system, oN or before OCTober 30, 2020. Here at The Riverbe corectional facility, Postage, prepaid first Class Mail.

Dated: 10/28/2020

Name: Gary B. DUNCAN
Address: Riverbend Corectional Fac
Milledgeville GA 31061
Phone: _____

Subscribed and sworn before me on this 28 day of October , 20 20 .

Notary Public
My commission expires: 04-05-2022

DOROTHY DIXON
NOTARY
EXPIRES
GEORGIA
APR. 5, 2022
PUBLIC
WASHINGTON COUNTY

**RECEIVED**

NOV 0 9 2020

United States Court of Appeals
For The Federal Circuit

Clerk of Court
National Courts Building
U.S. Court of Appeals Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

RECEIVED

NOV 09 2020

United States Court of Appeals
For The Federal Circuit

October 28, 2020

RE: Gary B. Duncan v. Wilkie 2020-2099

Dear Clerk

I am sending my reply brief herein.
I was not able to obtain the copies here at
the correctional facility.
The certificate of service of the Respondent's
brief was dated October 16, 2020. I did not receiv.
The brief records will reflect until October 26, 9
I had 14 days cut into 4 days.
Because of the Covid 19 virus, I could not obtain
the three copies for filing. Please except This
copy for filing. I have sent my own copy of
this filing to the Respondent, with certificate o
service. I intend to write him and request my
copy back for filing. The facility is on constant
lock down because of shortage of officers. I
could not obtain those copies I tried.
Thank you.

Respectfully
Gary Duncan

Gary B. Duncan
G.D.C. 443805
Riverbend Correctional Facility
196 Laying Farm Road
Milledgeville GA
                31061

Clerk of Court
...onal Courts Building
...RT of Appeals for the Federal Circuit
...s Place, N.W.
...ington, DC 20439

Hasler
10/30/2020
US POSTAGE $001.40
ZIP 31061
011E11683482