No. 2020-2099

## IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

GARY B. DUNCAN,
Claimant-Appellant,

v.

ROBERT WILKIE,
Secretary of Veterans Affairs,
Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in Case No. 20-2116, Judge Michael P. Allen

## RESPONDENT-APPELLEE'S SECOND SUPPLEMENTAL APPENDIX

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

L. MISHA PREHEIM
Assistant Director

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7788
email: Richard.Schroeder@usdoj.gov

December 2, 2020                   Attorneys for Claimant-Appellee

# INDEX TO SECOND SUPPLEMENTAL APPENDIX

**Document**                                                                                    **Page**

Exhibit C, Supplemental Statement of the Case, (November 14, 2018) ..... SAppx17

Exhibit D, Declaration of Francesca Spadafora, (November 2, 2018)........ SAppx25

Exhibit 1, Department of Veteran Affairs Response to Request for Audit
dated March 17, 2016 (March 18, 2016) ............................................... SAppx32

Department of Treasury Response to Correspondence dated
January 29, 2018 (February 6, 2018)....................................................... SAppx35

Exhibit 2, USPS Tracking Results with Letters of Response to/from the
Department of Veteran Affairs (March 6, 2020) (December 23, 2019).... SAppx36

Exhibit 3, Affirmed Decision to Deny Waiver Request ............................. SAppx42

# EXHIBIT C



**DEPARTMENT OF VETERANS AFFAIRS**
Regional Office
Bishop Henry Whipple Federal Building
1 Federal Drive
St. Paul, MN 55111-4050

November 14, 2018

In Reply Refer To:

335/24COWC

# SUPPLEMENTAL STATEMENT OF THE CASE

### IN THE APPEAL
### OF

## Gary B Duncan

### FROM THE DECISION OF THE
### DEPARTMENT OF VETERANS AFFAIRS

## NOTICE TO APPELLANT:

This is not a decision on the appeal you have initiated. It is a "Supplemental Statement of the Case" which the law requires us to furnish to help you in completing your appeal.

Please read the forwarding letter carefully, as well as the instructions on the enclosed appeal form. These explain your appeal rights and tell you what you must do to complete your appeal.

A copy of this "Supplemental Statement of the Case" has been furnished your representative:

PATRICK C. DICARLO

DATE OF ORIGINAL "STATEMENT OF THE CASE": June 14, 2011.

DATE OF SUPPLEMENTAL "STATEMENT OF THE CASE": October 14, 2011.

DATE OF SUPPLEMENTAL "STATEMENT OF THE CASE": March 31, 2016.

DATE OF SUPPLEMENTAL "STATEMENT OF THE CASE": June 21, 2016

ISSUE: Waiver request for $11,490.90.

FL 1-25a
May 1990 (R) 335/24

2

BVA will ask for your file when they are ready to review your appeal. You will receive a copy of BVA's decision. Please be patient because this process may be very lengthy.

If you have questions about this letter, call us toll free at 1-800-827-1000. Our TDD number for the hearing impaired is 1-800-829-4833.

Sincerely yours,

V Anderson
Chairperson, Committee on Waivers and Compromises

Enclosure:
Supplemental Statement of the Case

CC: Patrick C Dicarlo

2.

Duncan, Gary B
<span>████████</span>

ISSUE:

Entitlement to waiver of the recovery of an overpayment of VA pension benefits in the amount of $11,490.90.

SUMMARY OF EVIDENCE AND ADJUDICATION ACTIONS:

All the evidence and adjudicative action set forth in the Statement of the Case, dated June 14, 2011 and Supplemental Statements of the Case dated October 14, 2011 and March 31, 2016 this Supplemental Statement of the Case amends SSOC dated March 31, 2016 to show the appeal was actually certified to the Board of Veterans Appeals on January 18, 2012 and the Supplemental Statement of the Case dated June 21, 2016 are incorporated herein and made a part hereof.

| | |
|---|---|
| Service: | September 21, 1976 to March 1, 1979. Honorable. |
| January 18, 2012 | Appeal certified to Board of Veterans Appeals in Washington, D.C. |
| March 12, 2014 | Board of Veterans Appeals remanded the case to obtain additional information and to conduct another audit explaining validity of debt. Thereafter, the Regional Office should then re adjudicate claim for waiver of recovery of an overpayment of any Department of Veterans Affairs compensation benefits and provide Veteran and attorney with a Supplemental Statement of the Case should the benefit sought on appeal remain denied. |
| August 25, 2014 | Attorney Patrick C. DiCarlo submitted an argument contending that the Veteran allegedly contacted VA by telephone regarding his incarceration in March 1988 and also requested an address change to his mother's address in late 1986 or early 1987. |
| November 14, 2014 | Attorney Patrick C. DiCarlo submitted Statement of Representation with respect to Board of Veterans Affairs Remand. |
| March 20, 2015 | Case was referred to Department of Veterans Affairs Regional Office in Decatur, Georgia, to complete items 1 through 3 of Board of Veterans Appeals Remand. |
| July 27, 2015 | Veteran submitted a letter reporting address change to Washington State Prison, PO Box 206, Davisboro, Georgia 31018-0206. |
| February 3, 2016 | Veteran submitted a letter claiming undue financial hardship and requesting the reason for delay in adjudicating his claim. Address shown was Washington State Prison, PO Box 206, Davisboro, Georgia 31018-0206. |
| March 14, 2016 | VA Memorandum indicates DVA Regional Office in Decatur, Georgia, conducted a review of claims file (to include paper file, VBMS and Virtual VA), but |

3.

<u>Duncan, Gary B</u> ███████

|  |  |
|---|---|
|  | found no evidence to verify Veteran's reported telephonic contact with Regional Office personnel from December 8, 1987 to present. Memorandum listed all written correspondence pertaining to address changes from January 17, 1986 to August 17, 2015. (A copy of this correspondence has been forwarded to Veteran and his attorney on June 21, 2016.) |
| March 18, 2016 | DVA Regional Office in Decatur, Georgia conducted an audit of benefits paid and due from February 7, 1988 to April 30, 2010, which confirmed the correct amount of the overpayment was $11,458.90. The audit clearly shows that no VA benefits were paid from May 2009 through 2010 which was considered in audit calculation. Also conducted an audit of benefits recouped, showing the balance of debt at that time was $7,370.40. (A copy of this audit letter has been forwarded to the Veteran and his attorney on June 21, 2016.) |
| March 28, 2016 | Address change processed in VA system (no correspondence of record showing how this information was obtained). New address established as PO Box 1529, Department of Correction, 3rd FLR Ponder HL, Forsyth, GA 31029-1529. |
| March 31, 2016 | Supplemental Statement of the Case issued. |
| April 8, 2016 | Bureau of Prisons Match indicated the Veteran confined at Washington State Prison, PO Box 206, Davisboro, GA 31018. |
| May 23, 2016 | Letter was received from Attorney Patrick C. DiCarlo expressing dissatisfaction with Supplemental Statement of the Case dated March 31, 2016. Also indicated SSOC may have been mailed to an incorrect address as Veteran's last known address is Coffee Correctional Facility (date of address change and current address not provided) |
| June 21, 2016 | Claim was reviewed by Committee on Waivers and Compromises. Correspondence prepared by VA Regional Office Decatur, GA forwarded to the Veteran and his attorney. Waiver denial upheld. Complete reasons for the waiver denial were addressed. |
| August 29, 2016 | Appeal certified to Board of Veterans Appeals in Washington, D.C. |
| July 27, 2017 | Board of Veterans Appeals Remanded the Appeal to the Agency of Original Jurisdiction (AOJ) for the |

4.

Duncan, Gary B

███████

| | |
|---|---|
| | following actions: 1: To verify the addresses to which the Veteran's compensation payments were mailed beginning December 08, 1987, the date of incarceration to the present, particularly those prior to June 22, 2008. 2: After completion of the 1st action to review the expanded record, including the evidence entered since the most recent supplemental statement of the case, and determine whether a waiver of recovery of the overpayment may be granted. If any benefit sought remains denied furnish the Veteran and his representative with a supplemental statement of the case. A reasonable period should be allowed for response before the appeal is returned to the Board. |
| August 25, 2017 | Letter to Veteran from the Philadelphia Regional Office asking for address verification beginning December 8, 1987 to present, particularly those used prior to June 22, 2008. |
| September 05, 2017 | Letter from Veteran verifying addresses for the period of 1987 to 2000 as his Mother's address of 57 Spring St, Monticello NY 12701 and that in June 2000 he had submitted an address change to HSP PO Box 339 EF214318, Sparta GA 31087. The Veteran further stated that he has already verified his claim in the record of the case. |
| December 05, 2017 | Letter from The Veterans attorney Patrick C DiCarlo in which the Veterans address of record for the period of December 08, 1987 to present were verified. |
| November 03, 2018 | Supplemental Statement of the Case from the Philadelphia Regional Office. This SSOC was written concerning the validity for the debt period of February 7, 1988 through December 1, 2008. This SSOC also lists all the address of record (both mail and payment) for the Veteran the VA was able to determine. |

5.

Duncan, Gary B

██████████

## PERTINENT LAW; REGULATIONS:

Recovery of overpayments of any benefits made under laws administered by the Department of Veterans Affairs shall be waived if there is no indication of fraud, misrepresentation, or bad faith on the part of the person or persons having an interest in obtaining the waiver and recovery of the indebtedness from the payee who received such benefits would be against equity and good conscience. (38 USC 5302(a) and (c); 38 CFR 1.963)

The standard "Equity and Good Conscience" will be applied when the facts and circumstances in a particular case indicate a need for reasonableness and moderation in the exercise of the Government's rights. The decision reached should not be unduly favorable or adverse to either side. The phrase "equity and good conscience" means arriving at a fair decision between the obligor and the Government. In making this determination, consideration will be given to the following elements, which are not intended to be all - inclusive.

1. Fault of debtor. Where actions of the debtor contribute to creation of the debt.

2. Balancing of faults. Weighing fault of debtor against Department of Veterans Affairs fault.

3. Undue hardship. Whether collection would deprive debtor or family of basic necessities.

4. Defeat the purpose. Whether withholding of benefits or recovery would nullify the objective for which benefits were intended.

5. Unjust enrichment. Failure to make restitution would result in unfair gain to the debtor.

6. Changing position to one's detriment. Reliance on Department of Veterans Affairs benefits results in relinquishment of a valuable right or incurrence of a legal obligation.

In applying this single standard for all areas of indebtedness, the following elements will be considered, any one of which, if found, will preclude the granting of waiver:

1. Fraud or misrepresentation of a material fact.

2. Bad Faith. This term generally describes unfair or deceptive dealing buy one who seeks to gain thereby at another's expense. Thus, a debtor's conduct in connection with a debt arising from participation in a VA benefits/services program exhibits bad faith if such conduct, although no undertaken with actual fraudulent intent, is undertaken with intent to seek an unfair advantage, with knowledge of the likely consequences, and results in a loss to the government. (38 CFR 1.965)

38 USC Section 5107. Burden of proof; benefit of the doubt

(a) Except when otherwise provided by the Secretary in accordance with the provisions of this title, a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded. The Secretary shall assist such a claimant in developing the facts pertinent to the claim. Such assistance shall include requesting information as described in Section 5106 of this title.

SAppx23

6.

Duncan, Gary B
█████████

**DECISION:**

The decision to deny your waiver request for $11,490.90 is affirmed.

**REASONS FOR DECISION:**

After reviewing the additional information obtained as requested in Board of Veterans Appeals Remand, the Committee determined there is no new and material evidence to warrant reversal of the previous waiver denial. Under Title 38 United States Code Section 5302 and 38 Code of Federal Regulations 1.962, a finding of fraud, misrepresentation, or bad faith on the part of the Veteran in the creation of the overpayment precludes waiver of recovery. Since there is no such finding in this case, we considered whether or not collection of this overpayment would be against equity and good conscience. The Committee determined that the factor of changed position did not apply.

The Committee found you were at fault in the creation of the debt because your incarceration caused the debt, The VA is partly at fault as they should have known by your correspondence that you were incarcerated. Regardless of the date VA was notified of your incarceration, the debt is valid because you were paid VA compensation at the 10% rate but by law you were only entitled to one-half of the 10% rate effective the 61st day of incarceration. The Committee also notes that it is ultimately your responsibility to notify VA of any address changes. The financial information submitted indicates collection of this overpayment may be posing some degree of hardship to you. However, since the law prohibits payment of full VA benefits to persons who are incarcerated, failure to make restitution of the amount overpaid during your incarceration would constitute unjust enrichment at the expense of the government. It was therefore determined that collection is not defeating the purpose of the VA benefit which you receive.

Weighing all of the applicable elements mentioned above, the Committee decided that denial of waiver would not be against equity and good conscience.

The current balance of the indebtedness is $5,342.93.

# EXHIBIT D

SAppx25



**VA** | U.S. Department of Veterans Affairs
Philadelphia Regional Benefit Office
5000 Wissahickon Avenue
Philadelphia, PA 19144

### DECLARATION OF FRANCESCA SPADAFORA

I, Francesca Spadafora, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury the following:

I.  I served as the Assistant Supervisory Veterans Service Representative in the Service Center for the Appeals Team at the Regional Office (RO) located in Philadelphia, PA from May 13, 2018 through September 28th, 2018. This declaration is in response to the United States Court of Appeals for Veterans Claims, in the matter of Gary B. Duncan, Petitioner, instructing the Secretary to respond to Petitioner's petition for extraordinary relief in the form of a writ of mandamus. The facts attested to herein are based on my personal knowledge.

RE: Court Order 09-10-18: On behalf of the Petitioner's request for an overpayment waiver, the VA has completed the following actions:

1. On September 14, 2018, the Appeals team reached out via email to the Chief of Operations for the Finance Division. We requested assistance with verifying payment dates for the period of December 8, 1987 through March 1, 2007. We requested that if the information was not immediately available that a request be submitted to the US Treasury Department.
2. On September 17, 2018, the Chief of Operations from the Finance Division sent a request to their Hearing Officer requesting a fax be sent to the US Treasury Department for copies of the missing checks.
3. On September 20, 2018, we sent a follow-up request via email to the Financial Administrative Specialist regarding the information request to the US Treasury Department. We are currently waiting for a response.
4. On September 21, 2018, we received a response from the Financial Administrative Specialist stating that a request for the information was emailed to the Treasury on this date and that we would be advised once a response was received.
5. On October 4, 2018, we sent a follow-up request via email to the Financial Administrative Specialist requesting the status of the case. No response has been received to date.
6. On October 18, 2018, we sent another follow-up request via email to the Financial Administrative Specialist regarding the status of the case, as we did not receive a response from our inquiry on October 4, 2018.
7. On October 18, 2018, the Financial Administrative Specialist responded and stated that the Finance Division has not received a reply from the US Treasury Department and they are resending the request.
8. October 24, 2018- It is confirmed that VA contacted the US Treasury, and they stated the US Treasury does not have records for the

Exhibit 001

Petitioner dating from 1987-February 2007. The VA also does not have these records.

9. November 2, 2018, the Philadelphia RO issued a Supplemental Statement of the Case to the Petitioner.

II. **Relevant Information**

1. July 27, 2017- The BVA decision remanded the appeal. The case was sent back to the Agency of Original Jurisdiction (AOJ) for action.

   a. July 27, 2017- A letter was sent to the Veteran providing notification that BVA rendered a decision on the case. A copy of the decision was enclosed.

2. August 25, 2017- A letter was sent to Veteran regarding the remanded appeal. The letter requested verification of the addresses to which the compensation payments were being mailed to. The time frame requested started December 8, 1987, the date of the Veteran's incarceration, to the present, particularly those addresses used prior to June 22, 2008. It was requested that all addresses, to include the time periods covered for each address, be made part of the record. This information was requested to be mailed in within 30 days.

3. September 18, 2017- We received correspondence from the Veteran in response the to the letter dated August 25, 2017.

   a. The Veteran stated his disability checks from 1987 until 2000 were mailed to his mother's address (57 Spring Street, Monticello, NY, 12701).

   b. The Veteran stated in June 2000, he submitted a change of address to the following location: H.S.P., P.O. Box 339, EF214318 Sparta, GA, 31087 (R.271)

   c. It was further noted that from 2000 onward, the Veteran was transferred to five different prisons in the state of Georgia.

   d. At the end of the correspondence, the Veteran stated "that he already verified his claim in the record of this case on this 5th day of September".

4. September 25, 2017- A letter was sent to the Veteran requesting a reply within 10 days. This letter reiterated the information that was requested in the letter dated August 25, 2017.

   a. The letter informed the Veteran that based on the information we received, we determined that the records regarding the addresses could not be located and therefore are unavailable for review. All efforts to obtain the necessary information were exhausted and based on the facts, we determined that

Exhibit 002

further attempts to obtain the records would be futile.
   b. We requested that any other relevant evidence or information that would support the claim be submitted within 10 days.
5. December 5, 2017- We received correspondence from Mr. Patrick C. DiCarlo from Alston & Bird in response to the letter dated September 25, 2017.
   a. This letter requested that the VA systems be updated to reflect the Veteran's correct address, as the previous letter was sent to an incorrect one and Mr. DiCarlo was not copied.
   b. Mr. DiCarlo stated that the Veteran notified the VA of his incarceration in 1988. During that time, all payments were to be mailed to his mother's address. In June of 2000, The Veteran submitted a change of address to the Hancock State Prison. Mr. DiCarlo continues, stating that the Veteran was transferred to at least 5 different prisons in Georgia: In 2005, he moved to Augusta State Prison; to Macon State Prison in 2007; to Wilcox State Prison in 2008; to Johnson State Prison in 2008; and to Coffee Correctional Facility in 2010. Mr. DiCarlo stated that upon each transfer, the Veteran called the VA office and informed them of his address change. His disability checks were then sent to each of the new locations. Mr. DiCarlo states that since the Veteran continued to receive his compensation benefits while transferred between prisons "obviously demonstrates that he submitted multiple changes of address, despite the lack of documentation located by the RO."
   c. Mr. DiCarlo noted that the Veteran spoke with representatives of the U.S. Treasury Department and was advised that the Treasury had no record of payments made to him prior to 2008, despite the fact that he received payments since 1979.
6. March 9, 2018- The Veteran submitted correspondence stating that he had an updated address. The address is as follows: GDC443805, Riverbend Correctional Facility, 196 Laying Farm Road, Milledgeville, GA, 31061.
   a. The Veteran stated that he informed his attorney of the change of address and the Board of Veteran's Appeals. He also stated that he was patiently waiting on the VA's response to his attorney's letter dated December 5, 2017.
7. March 12, 2018- The Veteran sent correspondence to the Board of Veterans Appeals informing them of his change of address.
8. March 19, 2018- The Veteran sent in correspondence for a second

Exhibit 003

time, verifying his new address at the Riverbend Correctional Facility.

9. May 1, 2018- A RAMP Opt-In Notice was sent to the Veteran. This notice describes the RAMP process, which appeals may be eligible, and a notice to return if the Veteran's appeal qualifies and if they elect to opt-in to RAMP.

10. June 12, 2018- A 16-page document was uploaded into VBMS. This document contained 2 separate statements from the Veteran. One is dated March 18, 2018 and April 3, 2018. A copy of correspondence from the Board of Veterans' Appeals dated September 21, 2016 is included in this package along with a copy of the Veteran's attorney's inquiry previously received on December 5, 2017, a copy of correspondence from the Department of the Treasury dated February 6, 2018, a copy of a letter sent to the Veteran on March 18, 2016 regarding an audit that was conducted, and a copy of the BVA decision dated July 27, 2017.

11. June 13, 2018- A package containing several documents was uploaded into VBMS. A copy of the correspondence from the Veteran dated March 18, 2018 and April 3, 2018 was included that was also submitted in the package dated June 12, 2018. Another copy of the correspondence from the Board of Veterans' Appeals dated September 21, 2016 was also included.

12. June 13, 2018- A copy of the BVA decision dated July 27, 2017 was uploaded into VBMS. In addition. A copy of the attorney's correspondence received December 5, 2017 was uploaded.

13. June 15, 2018- Another RAMP Opt-In Notice was sent to the Veteran.

14. June 16, 2018- Another copy of the attorney's correspondence received December 5, 2017 was uploaded.

15. June 16, 2018- Correspondence was uploaded from the Veteran, signed on May 17, 2018. This correspondence contained a summary from the Veteran of his case. Another copy of the correspondence dated April 3, 2018 was included in this package.

16. June 16, 2018- A package was uploaded containing several copies of documents including the letter dated March 18, 2016 referencing the audit that took place. A copy of the letter from the Board of Veterans' Appeals dated September 21, 2016 was also included.

17. June 16, 2018- A copy of the BVA decision dated July 27, 2017 was uploaded into VBMS.

18. June 28, 2018- Correspondence was sent to the Veteran from the Board of Veterans' Appeals. This informed the Veteran that his appeal was remanded, and that the Philadelphia Regional Office

Exhibit 004

was responsible for reviewing and taking the necessary development actions.

Regarding the Remand of 2014, the VA did not verify and list all of the addresses the compensation payments were mailed beginning December 8, 1987. All addresses of record from December 8, 1987 through present are listed below:

*Payment Addresses*:

| | |
|---|---|
| 12-8-1987 to 3-1-2007 | Unknown at this time*. |
| 3-01-2007 to 6-29-2007 | PO BOX 426, Oglethorpe, GA 31068 |
| 6-29-2007 to 9-23-2008 | C/O 443805, PO Box 397, Abbeville GA 31001 |
| 9-23-2008 to 3-16-2009 | JSP 443805, PO Box 344 Donovan Rd, Wrightsville GA 31096 |
| 3-16-2009 to 7-16-2009 | Georgia DOC, PO Box 405699, Atlanta GA 30384 |
| 7-16-2009 to 4-19-2010 | 30 Colonial Rd, Monticello NY 12701 |
| 4-19-2010 to 8-17-2015 | PO Box 650 GSC 443805 CCCF, Nicholls GA 31554-0650 |
| 8-17-2015 to 3-28-2016 | GDC 443805, PO Box 206, WA State Prison, Davisboro GA 31018 |
| 3-28-2016 to 4-13-2018 | PO BOX 1529, DOC, 3rd FLR Ponder Hall, Forsyth, GA 31029 |
| 4-13-2018 to present | River Bend CF, GDC 443805, 196 Laying Farm Rd, Milledgeville, GA 31061 |

\* Prior to 3-1-2007 Benefits Delivery Network (BDN) was used, which appears to have not stored payment addresses.

The following addresses are ones which were located on correspondence we received from the Veteran in his electronic folder:

- o Received January 6, 1986:  636 Taivton St SW, Atlanta, GA 30310 (via VA Form 21-686c)

- o Received July 12, 2000:  H.S.P., PO BOX 339, EF 214318, Sparta, GA 31087 (via VA Form 572, asking to change address from 57 Spring St, Monticello, NY 12701)

- o Dated 3-1-2007 to 6-29-2007:  PO BOX 426, Oglethorpe, GA 31068 (via printout)

- o Dated 6-29-2007 to 7-1-2008:  C/O 443805, PO Box 397, Abbeville GA 31001 (via printout)

- o Received 11-27-2007:  GDC 443805, PO BOX 344, Wrightsville, GA 31096 (via letter from Veteran stating he was in prison).

Regarding the Remand of 2017, the VA has not verified and listed the addresses in which the compensation payments were mailed to beginning December 8, 1987. The RO asked the Veteran to provide his addresses from 1987 through the present. The Veteran provided a response from 1987 through the present however based on the information received, it was determined that the records

Exhibit 005

regarding the addresses could not be located and therefore are unavailable for review.

The VA confirms that it does not have records showing Petitioner's mailing addresses from the 1987-February 2007 time period. The VA confirms that such a list was requested from Petitioner but the response was insufficient to verify the addresses. The VA confirms that the U.S. Treasury was contacted recently and the Treasury has stated they have no records dating from 1987 to 2008. The Philadelphia RO has issued a Supplemental Statement of the Case to the Petitioner.

I certify, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Francesca Spadafora, Assistant Supervisory Veterans Service Representative
November 2, 2018

Francesca M Spadafora 187726

Digitally signed by Francesca M Spadafora 187726
Date: 2018.11.02 14:27:22 -04'00'

Exhibit 006

# Exhibit 1

SAppx32



**DEPARTMENT OF VETERANS AFFAIRS**
Regional Office
1700 Clairmont Road
Decatur, GA 30033

March 18, 2016

In Reply Refer To:
316/24
CS XX-XXX-857-/00

Gary B. Duncan
GDC  443805
WA State Prison
Davisboro, GA  31018

Dear Gary B. Duncan

We have received your request for an audit on March 17, 2016.  This audit was conducted on March 18,2016.  Please be advised that audits are records of your Compensation/Pension benefit payments and not a review of your award.

**Where do we get the information to do an audit?**

The "Amount of Benefits Paid" section is based upon information received from U.S. Treasury.  This information shows VA the exact amount of benefit payments made to you. Based upon your request for an audit,  the results are as follows:

**Amount of Benefits PAID**

| From | To | Rate | Amount |
|---|---|---|---|
| 07-Feb-88 | 30-Nov-88 | $71.00 | $695.80 |
| 01-Dec-88 | 30-Nov-89 | $73.00 | $876.00 |
| 01-Dec-89 | 31-Dec-90 | $76.00 | $988.00 |
| 01-Jan-91 | 30-Nov-91 | $80.00 | $880.00 |
| 01-Dec-91 | 29-Feb-92 | $83.00 | $249.00 |
| 01-Mar-92 | 31-Mar-92 | $87.00 | $87.00 |
| 01-Apr-92 | 30-Nov-92 | $83.00 | $664.00 |
| 01-Dec-92 | 30-Nov-93 | $85.00 | $1,020.00 |
| 01-Dec-93 | 30-Nov-94 | $87.00 | $1,044.00 |
| 01-Dec-94 | 30-Nov-95 | $89.00 | $1,068.00 |
| 01-Dec-95 | 30-Nov-96 | $91.00 | $1,092.00 |
| 01-Dec-96 | 30-Nov-97 | $94.00 | $1,128.00 |
| 01-Dec-97 | 30-Nov-98 | $95.00 | $1,140.00 |
| 01-Dec-98 | 30-Nov-99 | $96.00 | $1,152.00 |
| 01-Dec-99 | 30-Nov-00 | $98.00 | $1,176.00 |

Gary B. Duncan                                      CS XX-XXX-857-/00

| | | | |
|---|---|---|---|
| 01-Dec-00 | 30-Nov-01 | $101.00 | $1,212.00 |
| 01-Dec-01 | 30-Nov-02 | $103.00 | $1,236.00 |
| 01-Dec-02 | 30-Nov-03 | $104.00 | $1,248.00 |
| 01-Dec-03 | 30-Nov-04 | $106.00 | $1,272.00 |
| 01-Dec-04 | 30-Nov-05 | $108.00 | $1,296.00 |
| 01-Dec-05 | 30-Nov-06 | $112.00 | $1,344.00 |
| 01-Dec-06 | 30-Nov-07 | $115.00 | $1,380.00 |
| 01-Dec-07 | 30-Nov-08 | $117.00 | $1,404.00 |
| 01-Dec-08 | 30-Apr-09 | $123.00 | $615.00 |
| 01-May-09 | 31-Mar-10 | $0.00 | $0.00 |
| 01-Apr-10 | 30-Apr-10 | $61.50 | $61.50 |
| | | | |

**Total Monthy Benefits Paid**          **$24,328.30**


One Time Payment

**Total Benefits Paid**          **$24,328.30**

The "Amount of Benefits Due" section is based upon VA Awards listed in your claim file.    Based upon your request for an audit,  the results are as follows:

**Amount of Benefits DUE**

| From | To | Rate | Amount |
|---|---|---|---|
| 07-Feb-88 | 30-Nov-88 | $35.50 | $347.90 |
| 01-Dec-88 | 30-Nov-89 | $36.50 | $438.00 |
| 01-Dec-89 | 31-Dec-90 | $38.00 | $494.00 |
| 01-Jan-91 | 30-Nov-91 | $40.00 | $440.00 |
| 01-Dec-91 | 30-Nov-92 | $41.50 | $498.00 |
| 01-Dec-92 | 30-Nov-93 | $42.50 | $510.00 |
| 01-Dec-93 | 30-Nov-94 | $43.50 | $522.00 |
| 01-Dec-94 | 30-Nov-95 | $44.50 | $534.00 |
| 01-Dec-95 | 30-Nov-96 | $45.50 | $546.00 |
| 01-Dec-96 | 30-Nov-97 | $47.00 | $564.00 |
| 01-Dec-97 | 30-Nov-98 | $47.50 | $570.00 |
| 01-Dec-98 | 30-Nov-99 | $48.00 | $576.00 |
| 01-Dec-99 | 30-Nov-00 | $49.00 | $588.00 |
| 01-Dec-00 | 30-Nov-01 | $50.50 | $606.00 |
| 01-Dec-01 | 30-Nov-02 | $51.50 | $618.00 |
| 01-Dec-02 | 30-Nov-03 | $52.00 | $624.00 |
| 01-Dec-03 | 30-Nov-04 | $53.00 | $636.00 |
| 01-Dec-04 | 30-Nov-05 | $54.00 | $648.00 |
| 01-Dec-05 | 30-Nov-06 | $56.00 | $672.00 |
| 01-Dec-06 | 30-Nov-07 | $57.50 | $690.00 |

SAppx34



# DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
P.O. Box 51317
PHILADELPHIA, PA 19115-6318

FEB - 6 2018

RECEIVED
FEB 1 3 2018

Mr. Gary Duncan
GDC 443805
PO Box 206
Washington State Prison
Davisboro, GA 31018

Dear Mr. Duncan:

This is in response to your correspondence dated January 29, 2018, regarding non-receipt of a Treasury checks from December 1987 through July 2000.

The Department of Treasury's, Bureau of the Fiscal Service provides centralized disbursing services to most Federal agencies. These services include disbursing both electronic and Treasury check payments. We disburse payments based on instructions/certifications from Federal agencies.

Unfortunately, we are no able to verify if payments were issued to you from December 1987 through 1997 because our records do not go back that far. We did research from 1997 through 2000 and did not see any payments that were issued to you during that period.

You may contact the Veterans Administration Office at 800-827-1000 with any other questions and/or concerns.

I hope this information will be of assistance to you.

Sincerely,

Gary Swasey
Manager, CSB
Bureau of the Fiscal Service
Philadelphia Financial Center

# Exhibit 2

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

SAppx37

Department of Veterans Affairs
Regional Office
1700 Clairmont Road
Decatur, GA 30033
ATTN: Regional Office Director

March 6, 2020

RE: Gary B. Duncan VA No. ████████
     Board Order No. 11-23 116

Dear Regional Office Director

I am writing in response to the Board of
Veterans Appeals January 2019 remand order
docket No. 11-23 116.
Significantly, it again appears that the
expeditious treatment of the veterans nearly
ten year waiver request is going unconsidered
Despite the fact that the veteran has already
filed three mandamuses requesting extraordinary
relief in regard to the VA's inordinate delay
in responding to previous Board remands.
My attorney on November 19, 2019 inquired from
the Board, the status of the veteran's appeal.
The veteran is now requesting from the RO,
a time frame of when the development of his
remanded appeal will be finished.
The veteran awaits your response.

                         Gary B. Duncan
                         GDC 443805
                         Riverbend Corr. facility
                         196 Laying Farm Rd.
                         Milledgeville GA 31061

Edward V. Cassidy JR.
Deputy Chief Counsel
U.S. Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

October 16, 2019

RE: Gary B. Duncan VA NO. ███████████
Duncan V. McDonald No. 16-0856, Duncan V.
Wilkie No. 184441 and No. 187027

Dear Deputy Chief Counsel

I am writing in response to the Board of Veterans Appeals January 2019 remand order docket No. 11-23116.

Significantly, it again appears that the expeditious treatment of the veteran's nearly ten year waiver request is going unconsidered. Despite the fact that the veteran has already filed three mandamuses requesting extraordinary relief in regard to the Regional Office, (RO) inordinate delay in responding to previous Board remands.

My attorney has requested in his November 2017 submission, "On August 2, 2013, the Court of Appeals required expeditious treatment of this claim." (See August 2, 2013, Bases for Joint Motion for Remand) [Vet.App. 12-3508], the RO has not explained its reason for the inordinate amount of time it is taking to carry out the Board's remand directives.

The veteran claims their are improprietys lurking behind agency delay in deciding his waiver request.

-1-

(See Vet. App. No 18-4441 and No. 187027)
While The Court Need NOT find impropriety
behind agency delay in order To find any
Such delay unreasonable under The sixth
TRAC factor. Both The Third and fifth TRAC
factors focus on The intrest of Petitioner.
I am writing you in hope That The Secertary's
representative can compel The RO To carry
out expeditiously The Board's January 9, 2019
remand directives.
Thus, acknowledging The Nearly 10 year waiver
request.
The further filings and litigation, when a
administrative remedy That might render This
issue moot is held in abeyance, would be a
further waste of The Veteran's and government
resources.

Respectfully
Gary B. Dumeur
GDC 443805
Riverbend Corr. Facility
196 Laying Farm Rd.
Milledgeville, GA 31061

-2-

SAppx40



**DEPARTMENT OF VETERANS AFFAIRS**
**Board of Veterans' Appeals**
**Washington, DC**

December 23, 2019

In Reply Refer To: 014CLB4619

DUNCAN, Gary B.

Patrick C. Dicarlo, Esq.
Alston and Bird LLP
1201 West Peachtree Street
Atlanta, GA  30309

Dear Mr. Dicarlo:

Thank you for your correspondence of November 19, 2019, which was received at the Board of Veterans' Appeals (Board) on December 5, 2019, concerning Mr. Gary B. Duncan.  Your correspondence has been associated with his file.

Our database reflects that on January 9, 2019, the Board remanded Mr. Duncan's case. The remand action was necessary to assist you with the development of the appeal and to ensure the record is complete. The claims file was returned to the Regional Office in Atlanta, Georgia, where development will be completed, and the appeal will be reviewed.

When the development is finished, the Regional Office will readjudicate the appeal.  If any part of the decision remains unfavorable, the case will be returned to the Board for a comprehensive review of the entire record, according to its place on the docket.

I hope the information I have provided is helpful.  Please let me know if I can be of any further assistance.

Sincerely,

David C. Spickler
Vice Chairman
Board of Veterans' Appeals

cc: Mr. Gary B. Duncan

# Exhibit 3

6.

Duncan, Gary B


**DECISION:**

The decision to deny your waiver request for $11,490.90 is affirmed.

**REASONS FOR DECISION:**

After reviewing the additional information obtained as requested in Board of Veterans Appeals Remand, the Committee determined there is no new and material evidence to warrant reversal of the previous waiver denial. Under Title 38 United States Code Section 5302 and 38 Code of Federal Regulations 1.962, a finding of fraud, misrepresentation, or bad faith on the part of the Veteran in the creation of the overpayment precludes waiver of recovery. Since there is no such finding in this case, we considered whether or not collection of this overpayment would be against equity and good conscience. The Committee determined that the factor of changed position did not apply.

The Committee found you were at fault in the creation of the debt because your incarceration caused the debt, The VA is partly at fault as they should have known by your correspondence that you were incarcerated. Regardless of the date VA was notified of your incarceration, the debt is valid because you were paid VA compensation at the 10% rate but by law you were only entitled to one-half of the 10% rate effective the 61st day of incarceration. The Committee also notes that it is ultimately your responsibility to notify VA of any address changes. The financial information submitted indicates collection of this overpayment may be posing some degree of hardship to you. However, since the law prohibits payment of full VA benefits to persons who are incarcerated, failure to make restitution of the amount overpaid during your incarceration would constitute unjust enrichment at the expense of the government. It was therefore determined that collection is not defeating the purpose of the VA benefit which you receive.

Weighing all of the applicable elements mentioned above, the Committee decided that denial of waiver would not be against equity and good conscience.

The current balance of the indebtedness is $5,342.93.

# COWAC REFERRAL

## SPECIAL
## Please expedite!

**Claimant's Name:** GARY B. DUNCAN.

**Claim Number:** ▮▮▮▮▮▮▮▮▮▮

**Date Referred:** 12/17/10

### Reason for Referral:

VETERAN IS DISPUTING THE AMOUNT
OF THE DEBT AND STATUS OF
MISSING PAYMENTS. I ATTEMPTED TO
DO AN AUDIT, BUT COULD NOT COME UP
WITH THE DEBT AMOUNT.
PER VAOPGCPREC 6-98, THE DEBT VALIDITY
ISSUE MUST BE RESOLVED BEFORE WE
PROCEED WITH WAIVER APPEAL.

**Referred By:** CAROL XANDER (310/242W)

**Action Taken By:** _____

**Date Returned to COWAC:** _____

**SAppx44**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the within and forgoing by depositing it in the United States Mail with adequate first-class postage affixed thereon to insure delivery, properly addressed to:

1)

Office of General Counsel (027 B)
U.S. Department of Veterans Affairs
810 Vermont Avenue N.W.
Washington DC 20420

2)

Dear Clerk

I could not afford to send copies of my Petition Appendix Exhibits A, B, C, A, 1, 2, 3 I am incarcerated barely hanging on. Please send copies of my Appendix. I had enough money to mail copies of my Petition to the Respondent not enough to copy and mail Appendix Thank you.

3)

Respectfully submitted, this 18th day of March , 20 20

By: _Gary Duncan_
Pro Se
GDC# 443805
Address: Riverbend Corr. Facility
196 Laylings Farm Rd.
Milledgeville GA 31061

Gary B. Duncan
GDC 443805
Riverbend Correctional Facility
196 Laying Farm Rd.
Milledgeville, GA 31061

2.60

U.S. Court of Appeals For Veterans Claims
625 Indiana Avenue, N.W. Suite 900
Washington, D.C. 20004-2950

SAppx46

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF SERVICE</u>

**Case Number** 2020-2099

**Short Case Caption** Duncan v. Wilkie

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on December 2, 2020

by ☑ U.S. Mail ☐ Hand Delivery ☐ Email ☐ Facsimile
☐ Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Gary B. Duncan GDC 443805 | Riverbend Correctional Facility 196 Laying Farm Road Milledgeville, GA 31061 |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: December 2, 2020

Signature: /s/ Lisa R. Aiken

Name: _____